UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| EDRYCK DANTE MOONEY, ) | |
| ) | |
| Plaintiff, ) | No. 6:11-CV-00098-HRW |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| WARDEN ERIC D. WILSON, *et al.*, ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\* \*\* \*\* \*\* \*\*

Plaintiff Edryck Dante Mooney, confined in the United States Penitentiary-McCreary ("USP-McCreary") in Pine Knot, Kentucky, has filed a *pro se* Complaint asserting claims under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[1]

As Mooney has been granted pauper status by prior separate Order, [D. E. No. 5], and is asserting claims against government officials, the Court now screens his Complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e). Both of these sections require a district court to dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from

---

[1] The named defendants, all employees of USP-McCreary, are: (1) Eric D. Wilson, Warden; (2) "R." Ormond, Associate Warden; (3) Sheila Mattingly, Inmate Systems Supervisor; (4) "J." Cornelius, Mail Room Specialist; (5) "K." Johnson, Mail Room Specialist; (6) "S." Saylor, Mail Room Specialist; and (7) Unknown John Doe Defendants, employees of USP-McCreary.

defendants who are immune from such relief. *Id.*; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).[2] For the reasons set forth below, the Court will dismiss Mooney's claims for failure to state a claim upon which relief can be granted.

## ALLEGATIONS OF THE COMPLAINT

The following is a summary of Mooney's claims. In August of 2010, Mooney instructed his criminal defense attorney to mail him his entire criminal file. On August 17, 2010, Mooney was called to the USP-McCreary's officer's station to obtain an 18-24 inch parcel of documents, individually wrapped in 5-6 clear plastic bags. Mooney claims that the mailing was from his attorney, and that USP-McCreary Mail Room Specialists J. Cornelius, K. Johnson, S. Saylor, and unknown Joe Doe Defendants opened his legal mail outside of his presence, rummaged through it, and removed the envelope/packaging material in which it had been mailed. Mooney alleges that his attorney had clearly identified on the outside of the package that it was legal/special mail to be opened only in Mooney's presence.

Mooney states that when he complained to the Mail Room Supervisor and the Warden about the improper opening of his legal mail outside of his presence, prison

---

[2] A *pro se* pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

officials told him that the package had not been properly identified as legal mail according to Bureau of Prisons ("BOP") policy, and that accordingly, the Mail Room staff was authorized to open it and examine the contents. Mooney alleges that the opening of his legal mail absent his presence violated his rights guaranteed by the First, Fifth and Sixth Amendments of the United States Constitution.

Mooney fully exhausted his claims through the BOP's administrative remedy procedure. At all administrative levels, the BOP informed Mooney that his attorney did not comply with BOP Program Statement ("PS") 5800.10, *Mail Management Manual*, and BOP PS 5261.11, *Correspondence*, which requires attorneys to properly identify themselves as being qualified to claim special mail privileges, and to designate incoming legal mail to inmates by writing "Special Mail- Open Only in the Presence of the Inmate" on the outside of the mailing. The BOP states that because Mooney's incoming package lacked the necessary external designation, the Mail Room staff was permitted to treat Mooney's incoming mail as general correspondence and open, inspect, and read the contents. *See* [D. E. No. 2-1, pp. 4, 6, and 8].

Mooney seeks compensatory damages of $5,000.00; punitive damages of $10,000.00 against each defendant; injunctive relief preventing future violations of his constitutional rights and directing prison officials to comply with BOP policies regarding incoming legal mail; and a declaratory judgment stating that the prison

must observe an inmates's attorney/client privilege.

## **DISCUSSION**

*Pro se* complaints are held to less stringent standards than those drafted by attorneys. *Wagenknect v. United States*, 533 F.3d 412, 415 (6th Cir. 2008). Moreover, at the screening phase, the allegations and legal arguments in a *pro se* complaint must be taken as true and construed in favor the plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). But as noted, a district court must dismiss any case which it determines is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

### 1. Claims Against Mail Room Specialists Cornelius, Johnson, Saylor, and Unknown John Doe Defendants

The Court must accept as true that Mooney's claims that the package which he retrieved on August 17, 2010, was properly designated as legal mail according to BOP mailing policies, and that Mail Room Specialists Cornelius, Johnson, Saylor, and the unknown John Doe Defendants ignored the designation and opened the package outside of his presence. Nevertheless, Mooney's First Amendment claims against these defendant fail to state a claim upon which relief can be granted under 28 U.S.C. § 1915A.

Prison authorities must provide inmates with meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). To state a claim for denial of meaningful access to the courts, a plaintiff must plead and prove prejudice stemming from the asserted violation. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). If an inmate does not allege the denial of access to adequate law libraries or legal assistance, he must allege an actual injury, or a specific instance in which he was actually denied court access. *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989).

To state a claim of interference with the mail, a plaintiff must show actual injury. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir.1996); *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993). Under the First Amendment, actual injury is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim" *Lewis v. Casey*, 518 U.S. 343, 346, (1996). Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline. *Jackson v. Gill*, 92 F. App'x. 171, 173 (6th Cir.2004).

Mooney does not allege that he is involved in any pending litigation; that the defendants' actions caused any case of his to be dismissed; or that the defendants' actions prevented him from either filing a case or meeting a court-imposed deadline. While Mooney alleges that Cornelius, Johnson, Saylor and the unknown John Doe

Defendants improperly opened his legal mail outside of his prejudice, he does not allege that their actions adversely affected, impaired, or impeded his access to the courts in any manner. In other words, although Mooney alleges that the defendants violated a BOP policy, he does not allege that he suffered an actual injury- an impairment to any pending or contemplated litigation- as a result of that violation.

Because Mooney alleges no actual injury resulting from the alleged action, he fails to state a First Amendment claim against Cornelius, Johnson, Saylor, and the unknown John Doe Defendants. *See Clemons v. Woods*, 40 F. App'x 23, 25 (6th Cir. 2002) (affirming district court's *sua sponte* dismissal of prisoner's First Amendment right of access to the court claim under § 1915A, where prisoner failed to establish an actual injury resulting from alleged interference with his legal mail); *Corsetti v. McGinnis*, 24 F. App'x. 238, 241 (6th Cir. 2001) (affirming dismissal of First Amendment claim where prisoner did not allege that any papers were seized or that the defendants' reading of the papers caused actual injury or hindered his efforts to pursue a legal claim); *Lewis v. Grider*, 27 F. App'x. 282, 283 (6th Cir. 2001) (holding that prisoner's claim for interference with access to courts based on his opened legal mail failed "as he alleged no prejudice to any pending litigation.").[3]

---

[3]

*See also Jones v. Mail Room Staff*, 74 F. App'x. 418, 419 (5th Cir. 2003) (affirming dismissal where prisoner did not allege that he was prejudiced in any pending or contemplated litigation where the Mail Room staff had opened his legal mail); *Lewis v. Cook County Bd. of*

Further, "[w]hile a prisoner has a right to be present when his legal mail is opened, an isolated incident of mail tampering is usually insufficient to establish a constitutional violation." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (internal citation omitted); *Govan v. Campbell*, 289 F. Supp.2d 289, 298 (N.D.N.Y. 2003). Instead, the prisoner must show that officials "regularly and unjustifiably interfered with the incoming mail." *Id.* (internal quotation marks omitted). Mooney identifies only one specific instance in which the defendants allegedly interfered with his legal mail. But as discussed above, he alleged no actual injury resulting from that one occasion. Accordingly, Mooney fails to state a valid First Amendment claim against Cornelius, Johnson, Saylor, and the John Doe Defendants.

Mooney's claim that these defendants violated his Sixth Amendment right to counsel by opening his legal mail fails because the Sixth Amendment applies only to criminal proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974) ("As to the Sixth Amendment, its reach is only to protect the attorney-client relationship from intrusion in the criminal setting ..."); *Alvarez v. Horel*, No. 09-17755, 2011 WL 666708, at *1 (9th Cir. February 24, 2011) (unpublished) (dismissing prisoner's Sixth Amendment claim alleging that prison staff interfered with his legal mail). This claim

---

*Com'rs*, 6 F. App'x. 428, 430 (7th Cir. 2001) (affirming dismissal of First Amendment claim where prisoner "did not describe a single legal case or claim that was in any way thwarted because the mail room staff opened his legal mail.").

will be dismissed for failure to state a claim upon which relief can be granted.

## 2. Claims Against Wilson, Ormond, and Mattingly

Mooney's First and Fifth Amendment claims against Wilson (Warden and head Administrator), Ormond (Associate Warden), and Mattingly (Inmate Systems Supervisor), also fail to state a claim upon which relief can be granted. Liability could be imposed against these defendants only under the doctrine of *respondeat superior*, which is insufficient to establish liability in a *Bivens* action. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978); *Kesterson v. Luttrell*, 172 F.3d 48 (6th Cir. 1998) (Table); *Jones v. City of Memphis*, 586 F.2d 622, 625 (6th Cir. 1978). A supervisory government employee is only liable for his or her own misconduct. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-49 (2009).

In order to state a claim of supervisory liability, a plaintiff must show that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. *Rose v. Caruso*, 284 F. App'x. 279, 282-83 (6th Cir. 2008); *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994); *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 872 (6th Cir. 1982). Mooney does not allege that Wilson, Ormond, and Mattingly were personally involved in the alleged opening of his legal mail outside of his presence on August 17, 2010, or that they knew of the alleged violations and failed to prevent them.

Finally, Wilson's denial of Mooney's BP-9 "Request for Administrative Remedy" on September 30, 2010, *see* D. E. No. 2-1, p. 4, can not be the basis of a Fifth Amendment due process claim. *Bivens* liability can not be established simply because a supervisor denies an administrative grievance or fails to act based upon information contained in a grievance. *Alder v. Correctional Medical Services*, 73 F. App'x 839, 841 (6th Cir. 2003); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Mooney's claims against Wilson, Ormond, and Mattingly, will be dismissed, with prejudice, for failure to state a claim upon which relief can be granted.

## CONCLUSION

Accordingly, for the reasons stated above, **IT IS ORDERED** as follows:

(1)   Edryck Dante Mooney's Complaint, [D. E. No. 2], is **DISMISSED WITH PREJUDICE**;

(2)   This action is **DISMISSED** from the docket of the Court; and

(3)   Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants

This 4th day of May, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge