UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

EDRYCK DANTE MOONEY, )
)
   Plaintiff, ) Civil Action No. 11-98-HRW
)
V. )
)
K. JOHNSON, *et al.*, ) **MEMORANDUM OPINION**
) **AND ORDER**
   Defendants. )

\*\*\* \*\*\* \*\*\* \*\*\*

*Pro se* plaintiff Edryk Dante Mooney has failed to respond to the defendants' motion to dismiss this action, as well as this Court's Order expressly requiring him to do so upon peril of dismissal for his failure to prosecute this action. As explained below, his Complaint will be dismissed.

## BACKGROUND

On March 29, 2011, Mooney filed this *pro se* civil rights action alleging that officials at the United States Penitentiary-McCreary, in Pine Knot, Kentucky, had violated his First Amendment rights by interfering with his incoming legal mail. On May 4, 2011, the Court dismissed the complaint and entered judgment in favor of the defendants on initial screening under 28 U.S.C. § 1915(e), finding that Mooney had failed to state a claim upon which relief could be granted. On September 14, 2011,

the Court granted Mooney's motion to reopen his case in part, dismissing some claims but ordering three prison officials to respond to his complaint. [D. E. No. 11]

On February 24, 2012, those three defendants filed a motion to dismiss, or in the alternative, motion for summary judgment. [D.E. No. 25] When three months had passed without any response from Mooney, on May 31, 2012, the Court ordered him to file a response opposing the motion within 21 days, and expressly warned him that it would dismiss his complaint if he failed to do so. [D.E. No. 26]

On June 6, 2010, Mooney filed - not a response in opposition to the motion - but a motion to hold this action in abeyance indefinitely. [D.E. No. 27] Mooney alleged that he was confined in the prison's segregated housing unit and had no access to a law library, and that he would soon be transferred to the Special Management Unit ("SMU") at another federal prison for the next eighteen months or more without access to a law library. The defendants objected, noting that pursuant to 28 C.F.R. § 543.11 and various BOP Program Statements, all federal inmates confined in both SHU and SMU have access to legal materials and a law library. [D.E. No. 28] The Court denied Mooney's motion to stay this proceeding on June 8, 2012, and again ordered him to file a substantive response to the defendants' motion to dismiss this action by June 21, 2012. [D.E. No. 29] That date has come and gone without response from Mooney.

## DISCUSSION

A federal court has inherent authority to dismiss an action on its own initiative if a party fails to prosecute the case or to comply with a court order, the Federal Rules of Civil Procedure, or the court's own local rules. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). An involuntary dismissal for failure to prosecute generally operates as an adjudication on the merits. *Pepin v. Larchwood Healthcare Group, Inc.*, 2012 WL 253328, at *2 (N.D. Ohio 2012).

A district court must consider four factors in determining whether to dismiss an action for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (*citing Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

The first factor favors dismissal because Mooney has failed to respond to the defendants' motion, which they filed on February 24, 2012, even though the Court gave Mooney nearly four months to respond to that motion. Notably, between February 24, 2012 and June 6, 2012, Mooney made no effort to seek an extension of time in which to respond to the motion; it was only *after* the Court entered the May

3

30, 2012, Order that Mooney claimed, for the first time, that because he was confined in SHU, he lacked access to legal materials and a law library.

The second and third factors also warrant dismissal of Mooney's claims, given the procedural history of this case. The defendants have expended considerable time and resources to defend this action, which was re-opened on Mooney's motion, but Mooney has failed to respond to the defendants' motion and otherwise diligently prosecute this action.

Further, in light of Mooney's disregard of this action, the dismissal will be *with prejudice*. Numerous decisions in this circuit warrant dismissal of an action with prejudice where a plaintiff has discontinued participating in a case which he initiated, either by failing to respond to discovery requests, motions to dismiss, or motions for summary judgment after the court has warned the plaintiff that inaction would result in dismissal of his claims. *See Pepin*, 2012 WL 253328, at *2; *Jarnigan v. Steele*, 2011 WL 4437153 at *3 (M.D. Tenn. 2011); *Williams v. Santiago*, 2009 WL 2886051, at *3 (E.D. Mich. 2009); *Eagles Nest Ranch & Academy v. Bloom Tp. Bd. of Trustees*, 2007 WL 2359763 (S.D. Ohio 2007); *R.T. ex rel. Harris v. Cincinnati Public Schools*, 2006 WL 1476199, at *1-2 (S.D. Ohio 2006). Mooney's complaint will therefore be dismissed with prejudice and the defendants' motion to dismiss will be denied as moot.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Plaintiff Edryk Dante Mooney's Complaint [D.E. No. 2] is **DISMISSED WITH PREJUDICE**;

(2) The motion to dismiss, or in the alternative, motion for summary judgment filed by Defendants Jeffrey Cornelius, Kermit Johnson, and Sheila Saylor, [D.E. No. 25] is **DENIED** as **MOOT**; and

(3) The Court will enter a judgment contemporaneously with this Memorandum Opinion and Order.

This 18TH day of July, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge